PLANTERS FIRE INSURANCE COMPANY *v.* FORD.

Opinion delivered February 10, 1913.

FIRE INSURANCE—NOTE EXECUTED ON SUNDAY—EFFECT OF RETENTION OF POLICY.—Where defendant gave plaintiff notes in payment of the premium on a fire insurance policy, even though the notes were executed on Sunday, the defendant will be held to have ratified the contract where he retained the policy from the date of its issuance until suit was commenced, and judgment will be entered on the notes in favor of the plaintiff.

Appeal from Yell Circuit Court, Dardanelle District; *Hugh Basham,* Judge; reversed.

*R. F. Sandlin,* for appellant.

1. The date of a negotiable instrument is *prima facie* evidence of the time when it was executed. 2 Enc. of Evidence, 426.

2. A note executed on Sunday may be ratified by a later promise on a week day to pay it. Appellee by his promise later given and by his conduct in retaining the policy ratified the notes in question. 44 Ark. 74; 57 Ark. 483; 85 Ark. 473; Bishop on Contracts, § 487.

*Geo. E. Floyd* and *John T. Castle,* for appellee.

1. The verdict of the jury is conclusive of the question of fact that the note was executed on Sunday; and that appellee was drunk at the time. Their verdict will not be disturbed. 87 Ark. 112; 97 Ark. 86; 40 Ark. 144; 60 Ark. 250; 89 Ark. 321, and cases cited.

2. A note executed on Sunday is void. Kirby's Dig. § 2030; 29 Ark. 386, 400; 5 Ala. 468; 1 Root, 474; 17 Ala. 282; 38 Conn. 537; 24 N. Y. 354; 14 Wend. 249; 5 Barn. & Cres. 406; 4 Bing. 84.

3. There was no ratification. Appellee's testimony is positive that he did not promise later to pay the notes,

but that on the contrary he told the company's collector that he would not pay them.

His retention of the policy while trying to get the company to return the notes did not amount to a ratification of the Sunday contract. 43 N. W. (Minn.), 690; 37 Ind. 279.

HART, J. This suit was commenced by appellant against appellee before a justice of the peace to recover upon four promissory notes. Three of the notes were for ten dollars each and the remaining one for eight dollars and fifty cents. They were all dated June 12, 1909, and bear interest at the rate of 10 per cent per annum from date until paid. They were signed by appellee and payable to the order of appellant. Judgment was rendered by default in favor of appellant in the justice court. Upon appeal to the circuit court, there was a verdict and judgment for appellee, and the case is here on appeal. The notes were introduced in evidence and they were given in payment of a premium on a fire insurance policy issued by appellant on appellee's house. Appellee admitted the execution of the notes but says they were executed on Sunday and dated as if executed on Saturday. He says that an agent of appellant came to his house on Sunday and solicited his application for a policy of fire insurance on his house; that he finally signed the application for insurance, and executed the notes on the same date; that the notes were dated as if they were made on the preceding Saturday; that he was drunk at the time he signed the notes and does not remember much about it.

The testimony of appellant shows that the application for the insurance was made on Saturday, the 12th of June, 1909, and that the notes were executed on that date. The agent states that appellee was not drunk when he signed the notes. Other testimony for the appellant tends to show that at a later date its collector demanded payment of the notes and that appellee promised to pay them. Appellee denies this, however. He admits that he kept the policy of insurance from the time it was sent him by the company until this suit was

brought, a period of over two years, but says that a short time after he executed the notes he found out that they were void because executed on Sunday. He also stated that he wrote the company if they would send him the notes he would send it the policy. That he did not hear anything from the company and it did not send him the notes and he kept the policy.

The instructions given by the court are not set out in appellant's abstract. Therefore, under our rules of practice the only question is whether the evidence sustains the verdict.

Counsel for appellee rely on the case of *Tucker* v. *West*, 29 Ark. 386, to sustain the judgment. There it was held that a note executed on Sunday was void and no recovery could be had thereon. In that case, however, it was also held that a note executed on Sunday may be ratified by an express promise made on a week day to pay it. In the instant case, while appellee denies that he promised to pay the note on a week day, after it was made, he does admit that the note was given in payment of a premium for a fire insurance policy issued by appellant in his favor, and that he retained the policy of insurance from the date of its issuance until the present suit was commenced. This amounted to a ratification of the contract and appellant was entitled to recover on the notes. The case of *American Insurance Company* v. *Dillahunty,* 89 Ark. 416, is authority for so holding. In that case the insurance company sued Dillahunty to recover on two promissory notes executed by the latter for a premium on a fire insurance policy issued to him by the company. In discussing the right of Dillahunty to disaffirm the contract on account of a defect in the policy the court said:

"Appellee was not bound to accept the policy in the defective condition, and had the right to demand a correction, but he could not repudiate the contract without returning the policy. As long as he held the policy, it constituted a valid and subsisting contract, and his retention of it was an election to treat it as being in force.

He could not, by retaining it, treat it as being in force and at the same time refuse performance on his own part." To the same effect is *Gray* v. *Stone,* 102 Ark. 146. It follows that the judgment must be reversed, and, as the case has been fully developed, judgment will be entered here for appellant.