GRAY *v*. BLACKWOOD.

Opinion delivered April 6, 1914.

1. PLEADING AND PRACTICE—FAILURE TO FILE ANSWER—TRIAL.—Where the parties go to trial without the defendant having filed an answer, the plaintiff will be held to have accepted the issue as raised by the evidence, and on appeal plaintiff can not complain for the first time of defendant's failure to file an answer. (Page 335.)

2. LIFE INSURANCE—COLLECTION OF PREMIUM—ACCEPTANCE OF POLICY—BURDEN OF PROOF.—In an action to collect a premium on a life insurance policy, where defendant still held the policy, it is error to charge the jury that the burden is on plaintiff to prove that the defendant had accepted the policy. (Page 335.)

3.  LIFE INSURANCE—ACCEPTANCE OF POLICY—PRESUMPTION.—Where a party retained possession of a policy of life insurance, after commencement of a suit to collect a premium, defendant will be presumed to have accepted the same. (Page 336.)

Appeal from Howard Circuit Court; *Jefferson T. Cowling*, Judge; reversed.

*W. C. Rodgers*, for appellant.

When the plaintiff showed that the defendant applied for the policies, showed the amount of the premiums, the policies themselves and a delivery thereof to the assured and her retention of them until the institution of this suit, he made out a *prima facie* case which shifted the burden to the defendant to show that she did not accept the policies, and the burden was not on the plaintiff to show that she did accept them. 33 Ark. 600; 57 Ark. 251-256; 72 Ark. 572; 77 Ark. 351; 108 Ark. 415.

Appellee's acts and conduct, as appears by her own testimony, are inconsistent with any theory that she did not accept the policies. She can not keep them in her possession and control until suit is instituted and then be heard to say that she did not accept them—a mere conclusion on her part. 71 Ark. 302-304; 47 Ark. 497-501; 67 Ark. 371-375. See, also, 89 Ark. 416-418; 106 Ark. 568.

*Sain & Sain*, for appellee.

1.  Appellant did not challenge the sufficiency of the answer in the lower court but went to trial as if the issues were properly made. He will not be permitted to raise a question here for the first time as to the sufficiency of the answer. 109 Ark. 69; 71 Ark. 242; 72 Ark. 242; 75 Ark. 312.

2.  Under the circumstances of this case, the burden was on appellant to show that appellee accepted the policies, and the court properly so instructed the jury.

HART, J. This suit was first brought by J. L. Gray against Mary J. Blackwood to recover on a promissory note alleged to have been executed by the latter for a

policy of insurance. The record does not show the date on which the suit was commenced, but it does show that on April 20, 1912, the defendant filed an answer, in which she denied that she executed the note sued on. Subsequently the plaintiff filed a substituted complaint, in which he stated that the Texas Life Insurance Company had issued to Mary J. Blackwood two insurance policies on her life, which she accepted; that the premium on said policies for the first year had been assigned to him by the company, and that the same was due and unpaid. No answer to the substituted complaint appears in the transcript, but the record shows that the case was submitted to the jury on the following evidence:

J. L. Gray, in his own behalf, testified: I was agent for the Texas Life Insurance Company during the year 1910, and in September of that year the insurance company issued to Mary J. Blackwood two policies of insurance on her life. In a few days after their issuance I delivered the policies to her at her home, and she accepted them. She never returned the policies to me, or offered to do so. The company owed me a commission for securing her application for insurance, which was to be deducted out of the first premium. The company has transferred and assigned to me its interest in the first premium. The insurance was issued to Mrs. Blackwood upon her application, which was made through me. Mrs. Blackwood has never paid the first year's premium, and the amount of it is now due me.

The policies of insurance bear date of September 15, 1910, and were introduced in evidence on motion of the plaintiff, the same being at the time in the possession of Mrs. Blackwood.

Mrs. Mary J. Blackwood, for herself, testified: I made application, through J. L. Gray, for a policy of life insurance in the Indiana Life Insurance Company. Doctor Wright was the medical examiner who examined me. He subsequently told me that the company had rejected my application because I was too old. The plaintiff, Gray, afterward brought to my house two policies

of life insurance on my life issued by the Texas Life Insurance Company. I told Gray that I had not made application for a policy in that company and did not want them. He laid the policies down on the table in the room at my house and started off. I told him to take the policies with him, but he declined to do so. I never accepted the policies. Since that time the policies had laid around the house, but I have not accepted them and do not claim any interest in them.

The jury returned a verdict for defendant, and the plaintiff has appealed.

Counsel for plaintiff say that the transcript shows that no answer was filed to the substituted complaint, and assigns that as a reason for a reversal of the judgment. The parties voluntarily went to trial without an answer having been filed by the defendant, and plaintiff accepted the issue raised by the evidence. He did not make the failure of the defendant to file an answer to his substituted complaint a ground in his motion for new trial. Plaintiff can not make the objection here for the first time. See *Ellis* v. *Terrell,* 109 Ark. 69.

The facts disclosed by the record do not present the same issue as was presented in the cases cited by counsel for plaintiff. See *Planters Fire Insurance Co.* v. *Ford,* 106 Ark. 568; *Gray* v. *Stone,* 102 Ark. 146; *American Insurance Co.* v. *Dillahunty,* 89 Ark. 416; *Smith* v. *Smith,* 86 Ark. 284. In each of those cases the undisputed evidence shows that the insured, of his own accord, retained the policies after notice of the defects contained in them or after notice that the policy in question was not the kind of insurance he had applied for. He did not offer to return the policies to the company. Under such circumstances, the court held that he could not refuse to pay the premium. In the instant case the defendant testified that the policy was not issued by the company to which she made application for insurance, and that for this reason she did not accept the policies; that when the agent who received her application brought the policies to her home to be delivered to her she re-

fused to accept them and told the agent to take them away, which he declined to do. She was not obliged to accept insurance in a company to which she had made no application for insurance. In order to make a completed contract of insurance, it was necessary that she accept the policies. The rule excluding parol evidence to contradict a written instrument is not infringed upon by the admission of parol evidence tending to show that Mrs. Blackwood did not accept the policies. Such evidence was offered, not to vary the contract, but to prove that no completed contract of insurance was ever made. Therefore, her testimony presented a question of fact for the jury as to whether a completed contract of insurance had been made between the parties.

Counsel for plaintiff contend that the court erred in telling the jury that the burden was on the plaintiff to prove that defendant accepted the policies of insurance; and in this contention we think he is correct. The policies were issued in September, 1910, and remained in the possession of the defendant from a few days thereafter until the trial of this case in the circuit court in August, 1913. In the case of *Mutual Life Insurance Co.* v. *Parrish,* 66 Ark. 612, the court said:

"The mere manual possession of the policy by either party makes a *prima facie* case for that party, subject to be rebutted by proof *aliunde* that the contract of insurance was complete and valid, or that delivery was essential to completion or not without delivery."

If the beneficiary had brought suit on the policy and produced the same at the trial and the company had admitted the death of the insured, this would have made a *prima facie* case in favor of the beneficiary, and the burden of proof would have been on the insurance company to show that the policy of insurance had not been accepted. So here the defendant, to whom the policy was issued, remained in possession of it from that time until the institution and trial of this case in the court below. This made a *prima facie* case in favor of the plaintiff, and, in the absence of evidence to the contrary,

Mrs. Blackwood would be deemed to have accepted the policies at the time they were left in her possession, and the burden of proof was on her to show that she had not accepted them. It follows that the court erred in telling the jury that the burden of proof was upon plaintiff to show that Mrs. Blackwood accepted the policies, and for that error the judgment must be reversed and the cause remanded for a new trial.