## GRAY v. BLACKWOOD.

### Opinion delivered February 15, 1915.

INSURANCE—POSSESSION OF POLICY—REFUSAL TO ACCEPT—PRESUMPTION.—
Although one who retains a policy of insurance in his possession will be deemed to have accepted it, and can not avoid liability for

the premium, the rule does not apply where the proof shows that there was an express refusal to accept the policy in any form.

Appeal from Howard Circuit Court; *Jefferson T. Cowling*, Judge; affirmed.

*W. C. Rodgers*, for appellant.

1. Defendant applied for the policies; they were delivered to her at her request and she retained them. An acceptance is presumed. 86 Ark. 284; 89 *Id*. 416; 106 *Id*. 568; 102 *Id*. 146, 151.

2. Courts in charging juries should not express or intimate an opinion as to controverted facts. 51 Ark. 148; 94 *Id*. 566; 68 *Id*. 39-68; 75 *Id*. 273-5; 47 *Id*. 269-287; 80 *Id*. 167.

3. One who retains a policy will be deemed to have accepted it and can not avoid liability for the premium. 39 Ark. L. R. 431.

No brief for appellee.

McCulloch, C. J. Appellant instituted this action in the circuit court of Howard County to recover the premium alleged to be due on two policies of insurance on the life of appellee issued to her by the Texas Life Insurance Company of Waco, Texas. Plaintiff was the soliciting agent of the insurance company and he claims that appellee made a written application through him to the company for the policies, and that he subsequently delivered the policies to her when the same were forwarded to him by the company for delivery.

Appellee denied that she applied for the policies of insurance or that she ever accepted them. Her contention, which is supported by her testimony in the case, is that she made application through appellant to another insurance company domiciled in the State of Indiana, and that she was examined by a physician on that application but that the company refused to accept it and issue the policies, and she was notified to that effect; that subsequently appellant came to her house and brought the policies issued by the Texas Life Insurance Company of Waco, but that she refused to accept them on the ground

that she had not applied for them or obligated herself in any way to accept them. She also testified that when appellant came to deliver the policies and offered them to her, she refused to take them, and that he threw them down on the table in her room and left. She stated that the policies were thrown around the place as waste paper and that she never retained them or had them in her possession for the purpose of holding them as subsisting contracts.

Appellant testified that after the refusal of the Indiana company to issue the policies, appellee made a new application for policies from the Texas Life Insurance Company, which he forwarded to the company, and that when the policies were sent to him he delivered them to appellee and that she accepted them.

The issues of fact were submitted to the jury and the verdict was in appellee's favor.

There was enough evidence to have supported a verdict either way, and we do not feel at liberty to disturb the verdict in appellee's favor. We deem it proper to say in the outset that no question was raised as to appellant's right to sue, even though the premium alleged to be due was not evidenced by a note or other written obligation in the hands of appellant. He alleges in his complaint that the Texas Life Insurance Company sold and transferred to him its interest in the premium. We make no question about the right of appellant to maintain the action without joining the insurance company as a party, appellee not having raised any question of that sort below. We are of the opinion that the issues of fact were properly submitted to the jury upon correct instructions, and that the verdict of the jury is conclusive.

The case was formerly here on appeal and was reversed because the court instructed the jury that the burden of proof was on appellant to show that defendant had accepted the policies. We held, quoting the syllabus, "Where a party retained possession of a policy of life insurance, after commencement of a suit to collect a premium, defendant will be presumed to have ac-

cepted the same." *Gray* v. *Blackwood*, 112 Ark. 332. When the case was tried anew on the remand, the court followed the decision of this court and instructed the jury that the burden of proof was on appellee to show by a preponderance of the testimony that she did not accept the policies. Error is assigned in the refusal of the court to give an instruction which told the jury that if appellee "did not accept the policies when they were left there * * * yet if she afterward concluded to keep them she would be liable for the premium." We doubt very seriously whether appellant was entitled to this instruction, for there was no evidence that she ever changed her mind after refusing to accept the policies. The jury has found upon legally sufficient evidence that she did refuse to accept the policies, and there is no ground for contention that she ever changed her mind about it. Be that as it may, however, we are of the opinion that the same idea was sufficiently embraced in another instruction where the court told the jury that if appellee "declined to accept them (the policies) and refused to accept them, and the agent threw them down there and went off and left them, and she never accepted them at all, she would not be bound for the premium."

There is another assignment of error with reference to an instruction given by the court, that it amounted to an intimation of the court on the weight of the evidence, but a careful analysis of the language used by the court convinces us that no such impression as that was conveyed by it.

It is well settled that one who retains a policy of insurance in his possession will be deemed to have accepted it and can not avoid liability for the premium, but that principle does not apply when the proof shows there was express refusal to accept the policy in any form. Appellee was not bound to do anything more than her own testimony showed that she did in expressing her nonacceptance, and her testimony was sufficient to overcome any *prima facie* presumption of acceptance arising from the

fact that the policies were found in her house or possession.

The judgment is therefore affirmed.