W. F. Moody & Co., Inc., *v.* Boyle Gin Co., Inc., *et al.*

(Division B. Dec. 13, 1937.)

[177 So. 654. No. 32938.]

**Lotterhos & Travis** and **Vardaman S. Dunn**, all of Jackson, and **D. D. Panich**, of Little Rock, Ark., for appellant.

**Green, Green & Jackson,** of Jackson, and **E. B. Taylor,** of Shelby, for appellees.

Anderson, J., delivered the opinion of the court.

Appellant, an Arkansas corporation, brought this action in the circuit court of Hinds county against appellees, Boyle Gin Company, a Mississippi corporation, and J. S. Penn, to recover the balance of the purchase money claimed to be due by appellees to appellant for a Fairbanks-Morse oil engine. The trial resulted in a directed verdict and judgment in favor of appellees, from which judgment appellant prosecutes this appeal.

Appellee Penn, a broker, purchased the engine from appellant for the gin company on or about the 1st of August, 1936. Penn bound himself for the purchase price and paid $425 cash thereon. Appellant shipped the engine to the gin company at Boyle. After an examination, the gin company declined to accept the engine and pay for it, because it was out of repair, and so notified appellant. Thereupon the parties agreed that the gin company should ship the engine to Pine Bluff, Ark., for the necessary repairs. That was done, the engine arriving there on or about the 15th of the month. This compromise settlement was embodied in a written contract dated August 15, 1936, which was Saturday, and executed and delivered on the next day, Sunday, at Little Rock, Ark., and was signed by appellant, the gin company, and Penn. The contract provides that appellant should pay the costs of transportation of the engine from Boyle to Pine Bluff and make the following repairs thereon: Turn the shaft, if needed; reline the bearings or make new ones, if required; rebore the cylinders, furnish new pistons and rings, together with new or reconditioned pins, if needed; and furnish new heads and pay the costs of transportation back to Boyle. The

contract states that these repairs would cost approximately $950, and freight charges back about $150, and stipulates that Penn should pay $300 of the costs upon completion of the work, and the gin company the balance, and, in addition, $250 and the balance of the purchase price, $1225, upon redelivery of the engine at Boyle. Appellant made repairs and redelivered the engine at Boyle. Both the gin company and Penn refused to pay the sums agreed upon, whereupon appellant brought this suit to recover the same.

The gin company and Penn pleaded the general issue and gave notice thereunder that the contract was void because executed and delivered on Sunday, and therefore there was no liability under it. Other defenses were also embodied in the notice, but the court held the contract void and gave a directed verdict and judgment upon the ground alone that it violated the Sunday law.

Appellant contends that, notwithstanding the contract was executed and delivered on Sunday, it was binding because it was afterwards ratified by the parties. The question, and the only one, is ratification. The contract was made, delivered, and was to be performed in the state of Arkansas, therefore the question is governed by the laws of that state. The Arkansas Sunday statute is in this language: *"Laboring on Sunday—penalty.* Every person who shall, on the Sabbath or Sunday, be found laboring, or shall compel his apprentice or servant to labor or to perform other services than customary household duties, of daily necessity, comfort or charity, on conviction thereof, shall be fined one dollar for each separate offense. Rev. Stat., chap. 44, div. 7, art. 2, section 1." Section 2732, Crawford & Moses' Dig. (1921).

The statute is substantially the same as ours, section 1131, Code 1930, as amended by Laws 1932, c. 248, except the latter excludes from its operation railroads, steamboats, telegraph and telephone lines, street railways, newspapers, livery stables, garages and gasoline

stations, ice houses, and, in municipalities of less than 5000 inhabitants, meat markets.

The testimony tended to show that, after the engine was repaired and redelivered to the gin company, appellant demanded of the latter the purchase price overdue, payment of which was refused, notwithstanding the gin company did not offer to return the engine, but retained it, making no claim of nonliability on the ground that the contract was void under the Sunday law. We are of the opinion that, if those were the facts, under the decisions of the Supreme Court of Arkansas they constituted a ratification of the Sunday contract and a renewal thereof on a secular day; it was not necessary that ratification be based on a new consideration—the old consideration was sufficient. McKinney v. Demby, 44 Ark. 74; Planters' Fire Ins. Co. v. Ford, 106 Ark. 568, 153 S. W. 810, 44 L. R. A. (N. S.) 289; McElhannon v. Coffman, 173 Ark. 60, 292 S. W. 393; Oliphant v. Oliphant, 177 Ark. 613, 7 S. W. (2d) 783. In the Demby Case the court used this language: "A demand of payment, in pursuance of the terms of the agreement, would have the same effect, as far as the vendor is concerned, and it would put the purchaser to his election to determine whether he would adopt the Sunday terms or insist upon the invalidity of the contract."

We cannot say from the record that the evidence of ratification is without conflict; therefore it was a question for the jury.

Reversed and remanded.