NOAH A. PLYMPTON & another *vs.* WILLIAM F. DUNN.

Suffolk.   January 11, 1889. — February 28, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Contract of Life Insurance — Rescission — Reasonable Time.*

A policy of life insurance, not binding on the company through an act of its agent, was, upon the insured's paying the first premium by a note, delivered to him in May, 1886, but he did not then look at it or discover the error for a month, at which time he was temporarily ill at home.   After the middle of August, when the note became payable, a demand was made on the insured, and he refused to pay, saying that the policy was "no good."   An action was brought on the note in November, but he did not offer to rescind the contract until the next November.   *Held,* that his attempt to rescind the contract was not made within a reasonable time.

CONTRACT upon a promissory note of $522.90, dated May 15, 1886, given by the defendant to the Penn Mutual Life Insurance Company, in payment of the first year's premium on a policy issued by that company to him on his life, and indorsed to the plaintiffs. Writ dated November 5, 1886. The answer set up a failure of the consideration. Trial in the Superior Court, before *Thompson*, J., who allowed a bill of exceptions, in substance as follows.

The defendant testified, that, in making the application for the policy upon which it was based, in answer to the question contained therein, "Whether he had ever had lung or throat trouble," his answer to the agent of the company who filled up the printed form of application, which was signed in blank by the defendant, was, that "eight years before that time he had an attack of pneumonia"; that in the application as filled by the agent, and presented by him to the company, the answer to that question was written "No," although he was not sound and free from lung trouble at the time of making the application; that he gave the note in question to the agent, who effected his insurance on the day of its date, but did not receive the policy until May 19, 1886; that at that time he put it in his pocket without looking at it, and first read the policy about a month after receiving it; that the policy had annexed to it what purported to be a copy of the application signed by him, and he at once, on reading the policy, discovered the error in the application in the answer given to the question above referred to; that he then believed the policy of insurance to be void and of no effect; and that at that time he was at home ill.

The defendant also testified, that, after the note matured, one of the plaintiffs demanded its payment of him, and he refused to pay the note, and gave as a reason for refusing to pay the note that the policy was "no good," but did not offer to deliver up the policy; that since the date of the policy he had been about, attending to his business in Framingham; that he was personally acquainted with the first named plaintiff; that he knew that the plaintiffs' office was on State Street, in Boston; that he had visited Boston occasionally since he had held the policy, but that he had never called upon the plaintiffs, nor notified them of what he claimed was an error in this policy;

that he kept possession of the policy until the first trial of this case, in November, 1887, when his counsel during the trial made a tender of the policy to the plaintiffs; and that afterwards, on February 18, 1888, he tendered to the plaintiffs, as agents for the Penn Mutual Life Insurance Company, this policy of insurance. The defendant was contradicted in evidence by witnesses for the plaintiffs upon all points except as to the time of tendering the policy to the plaintiffs.

The plaintiffs asked the judge to rule that the plaintiffs were entitled to recover upon the note, and to instruct the jury that the offer to return the policy of insurance at the time testified to·by the defendant was not an offer to return the policy and rescind the contract of insurance made within a reasonable time, and would not avail the defendant as a defence to this action.

The judge declined so to rule, and on this point instructed the jury in substance as follows. The issuing and receiving of this policy made a contract between the parties, unless there was some error or mistake to prevent its operating as such contract. But if the insurance company failed to give such a policy as was contemplated and agreed upon by the parties, and such failure arose by reason of the agent of the company, through his, the agent's, mistake in not putting in the application the answer of the defendant to a material question, and the putting in the place thereof one not given, the defendant had the right to decline to accept the policy; and if he had paid for the policy upon the assumption that it would be issued to him, he would have the right, on declining to receive the policy, to recover back the money so paid. And if a note was given, he would be entitled to receive back his note. If the defendant received the policy, having reason to believe that it rightly expressed the contract between them, and he had not, when receiving it, an opportunity to examine it, and, upon an examination within a reasonable time after his so receiving it, found that it did not express the contract as contemplated and agreed upon between the parties, the defendant had the right, within a reasonable time, to rescind the contract; that is, to surrender the policy, and receive back the note given for the same. If the defendant received the policy under such circumstances that he could not reasonably examine the policy at the time when he

received it, it was his duty to examine the same within a reasonable time, and ascertain if it did correctly set forth the contract agreed upon; and if it did not so set forth the contract, if he failed to surrender the policy and rescind the contract within a reasonable time, he will be presumed to have accepted the policy as a valid policy. The judge submitted to the jury the question whether the defendant tendered back the policy to the insurance company within a reasonable time, but ruled that what took place at the time the payment of the note was demanded was not a rescission of the contract, and also gave instructions to the jury, not excepted to, as to what would give the defendant the right to rescind the contract.

The jury returned a verdict for the defendant; and the plaintiffs alleged exceptions.

*J. G. Holt*, for the plaintiffs.

*T. J. Gargan*, for the defendant.

HOLMES, J. This is an action upon a note given for the first year's premium of a policy of life insurance issued to the defendant. The defendant sets up that the agent employed to get the insurance wrote a different answer from that which he made to one of the questions in the application; that, by reason of the false answer, the insurance company was not bound by the policy; and that therefore he had a right to avoid the note. The defendant's evidence is, that he received the policy on May 19, 1886, but did not look at it or discover the error for a month; that he was then at home sick, but, as we understand the exceptions, did not remain so until the bringing of the action, on November 5, 1886; that after August 18, 1886, when the note was payable, it was indorsed to the plaintiffs, who made a demand on the defendant; that he refused to pay, saying that the policy was "no good"; but that the defendant did not offer to return the policy, or notify the insurance company that he wished to rescind the contract, until November, 1887, after this action was brought, and nearly a year and a half after his discovery of the facts.

The policy is not set forth in the bill of exceptions. We assume, in favor of the defendant, that the insurance company would have had a right to avoid it upon discovery of the false representations, and that, if they had done so, they would have

avoided the note also. *Frost* v. *Saratoga Ins. Co.* 5 Denio, 154. On the other hand, they would have had the right to affirm it, had they been so minded. *Oakes* v. *Manufacturers' Ins. Co.* 135 Mass. 248, 249. What would have been the effect upon the note of their doing so before the defendant elected to rescind, we need not consider.

There is no doubt that the issuing of a voidable policy may be sufficient consideration to support a premium note. *Stiff* v. *Keith,* 143 Mass. 224. *Holt* v. *Ward Clarencieux,* 2 Strange, 937. It was not, however, the consideration contemplated in the bargain between the parties, and although, if the defendant were suing or otherwise insisting upon the policy, he would hold it subject to the burden of the false representation, (*Draper* v. *Charter Oak Ins. Co.* 2 Allen, 569, 572,) we assume in his favor that, as he did not make the representation in person, the case may be regarded as one of mutual mistake, and that he would have had a right to rescind on the day he received the policy, had he then discovered the error.

But the case is of a nature to require the extremest diligence on the part of the insured, if he means to rescind. Every day that elapsed after the defendant discovered, or ought to have discovered, the error, without notifying the company, he was receiving the benefit of the policy. To be sure, the company might discover the falsity of the statement, but it might not, and the defendant could not be allowed to speculate on that chance. By his silence he left the company bound, so far as they knew, and in a position in which, if he had died, they might have paid the loss in ignorance of any defence. To accept the benefit of a contract after you have notice of your right to rescind it, is to affirm it, especially when, as here, the benefit accepted, and the corresponding risk imposed upon the company, are of a kind " that never can be cured in a rational sense " by a subsequent surrender of the policy. *Metcalf* v. *Williams,* 144 Mass. 452. See *Reynolds* v. *Pitt,* 19 Ves. 134, 140; *Green* v. *Bridges,* 4 Sim. 96, 101; *Mactier* v. *Osborn,* 146 Mass. 399, 401.

We are of opinion that the jury should have been instructed that the offer to return the policy, in November, 1887, was not made within a reasonable time. *Bassett* v. *Brown,* 105 Mass. 551, 557.                              *Exceptions sustained.*