### NEW YORK LIFE INSURANCE CO. v. C. R. MILLER.
#### No. 1362.

**1. Action for Fraud—Allegation Showing Only Breach of Contract.**
An allegation that defendant, by its agent, agreed to send plaintiff a life insurance policy stipulating that the premiums thereon should be paid semi-annually, and that the policy delivered provided that the premiums should be paid annually, does not charge fraud, but only a breach of contract.

**2. Rescission of Contract—Life Insurance.**
Plaintiff, upon receiving from the defendant insurance company a policy on his life, providing that the premiums thereon should be paid annually, instead of semi-annually, as stipulated in his application therefor, wrote defendant's agent offering to surrender the policy upon a return of his two negotiable notes given for the first year's premiums, but did not object to the policy on the ground that the premiums were payable annually, and did not return the policy, but kept it, and allowed it to lapse for non-payment. Held, that there was not a rescission of the contract warranting a recovery by plaintiff of the amount of the two premium notes which, having been negotiated by defendant, plaintiff had been compelled to pay.

APPEAL from the County Court of Runnels. Tried below before Hon. C. H. WILLINGHAM.

C. O. *Harris,* for appellant.

No brief for appellee reached the Reporter.

KEY, ASSOCIATE JUSTICE.—Appellee sued appellant, alleging that it, through its agent, R. E. Harris, by false and fraudulent representations, induced appellee to execute to him, said Harris, two negotiable promissory notes for $83 each, with ten per cent interest, and the usual stipulation as to attorney's fee; that said notes were transferred before maturity, and he had been compelled to pay the same, with interest, etc.

The only specification in the petition of the alleged fraud is, that appellant, by said agent, agreed to send appellee a life insurance policy stipulating that the premiums thereon should be paid semi-annually; and that the policy delivered provided that the premiums due thereon should be payable annually.

This specification does not charge fraud. It only charges a breach of contract, the remedy for which, ordinarily, is an action for specific performance or for damages. Misrepresentations, to constitute fraud, must relate to something past or present. A broken promise, unless it be shown that there was an intention not to perform when the promise was made, does not constitute fraud. 1 Big. on Fraud, 483.

The evidence shows that, at the solicitation of R. E. Harris, who was appellant's agent, appellee made written application to appellant for a $5000 policy on his life, and executed the notes referred to in payment of the premium due for the first year; that the agreement was, and it was so stated in the application, that the subsequent premiums were to be payable semi-annually. It was not shown that appellant, or any one acting for it, made any false statement to appellee concerning anything past or present, to induce him to contract for the policy and execute the notes. The policy sent to and accepted by appellee was in compliance with his application in every respect, except that the premiums were made payable annually instead of semi-annually. But, instead of objecting to the policy for that reason and returning it for correction, appellee received it and kept it in his possession until he filed it in this cause.

It is true, that before the policy was issued he wrote to Harris, the agent, that he was dissatisfied about the matter, and did not want the policy, and requested him to return his notes, stating that he would deliver up Harris' receipt for the first premium; and when the policy was sent to him, in acknowledging its receipt, he said: "I still wish to give up same. Please send my notes, and I will surrender policy." This latter, like his other letter, was nothing more than a proposition or request. It did not charge that any fraud had been committed; it did not object to the policy on account of the time the premiums were made payable, nor did appellee return the policy. On the contrary, although he received a reply refusing to comply with his request, appellee kept the policy; and if, before he allowed it to lapse for non-payment of the next premium, he had died, it would have been binding on appellant, and the latter could have been compelled to pay the $5000 insurance. Therefore, even if fraud in the original contract had been shown—

which was not done—appellee having accepted the policy and held it in such manner as to render it binding on appellant during the time for which the premium was paid, he cannot recover back such premium; and that, in effect, is what he is seeking to do.

Under the facts disclosed by his own evidence, the plaintiff has no cause of action; and therefore the judgment of the County Court will be set aside, and judgment here rendered that he recover nothing and pay all costs.

*Reversed and rendered.*

Delivered November 6, 1895.