## LON P. McFARLAND ·V. W. R. McGILL.

Delivered May 22, 1897.

**1.  Evidence—Written Bill of Sale—Additional Consideration.**

Parol evidence is inadmissible, in the absence of fraud, accident, or mistake, to show that an additional consideration for a bill of sale reciting a money consideration was an agreement to furnish the purchaser with such affidavits, · certificates, and proofs of pedigree of the stock purchased as would enable him to procure their registration in any association.

**2.  Fraud—Damages—Deceit in Sale of Horses.**

A seller of horses, who, with the design of cheating and deceiving the purchaser, and without any intention of performing the same, promises to furnish him such affidavits, certificates, and proofs of pedigree of such horses as will enable him to procure their registration in any association, is liable for damages.

**3.  Same—Representations in Sale of Horses.**

A false representation by a seller of horses that they are standard-bred trotting horses, and eligible and subject to registration as such in any association in the United States, is actionable fraud.

ERROR from Baylor.  Tried below before D. F. Goss, Esq., Special Judge.

D. A. Holman and J. H. Glasgow, for plaintiff in error.—When parties reduce a contract to writing they are presumed to embody in it the terms and stipulations as finally agreed to, and upon and to which they mutually contract, and declarations, representations, and expressions of opinion which precede, but do not enter into or form a part of, the contract, as finally consummated, furnish no ground for the recovery of damages to a party deceived or misled by them, for it is his own folly to rely upon them, when they are not embodied in and made part of the contract. Wooters v. Railway, 54 Texas, 299; Bruner v. Strong, 61 Texas, 557.

J. T. Montgomery, for defendant in error.—The fact that the defendant conveyed the horses to plaintiff by bill of sale with warranty of title does not preclude the plaintiff from showing that the defendant induced plaintiff to buy by fraudulent representations, which were relied on, and thereby plaintiff was damaged; nor that defendant made false and fraudulent promises, which were relied on, and by failure to perform which plaintiff was damaged; nor that there were other considerations for plaintiff's promises or payments beside those expressed in said bill of sale.  Railway v. Titterington, 84 Texas, 224; Henderson v. Railway, 17 Texas, 560; Electrical Works v. Street Ry., 29 S. W. Rep., 413.

TARLTON, CHIEF JUSTICE.—On May 10, 1894, W. R. McGill purchased from Lon P. McFarland certain mares and colts.  The bill of sale executed by the latter to the former recites a transfer with warranty of title to the animals sold, "in consideration of $1500 paid and promised to be paid by W. R. McGill, as follows: $250 cash, and five promissory notes this day executed by said McGill, for $250 each, and due and paya-

ble as follows, to wit: first due November 10, 1894; second due 10th day
of May, 1895; third due 10th day of May, 1896; fourth due 10th day
of May, 1897; fifth due 10th day of May, 1898."

McGill brought this suit to recover from McFarland damages on account of fraud practiced upon him by McFarland in selling the property,
and from a verdict and judgment in favor of the plaintiff in the sum of
$1200 the defendant appeals.

Having, in effect, alleged as a cause of action that at the time and
prior to the execution of the bill of sale (attached to the petition as an
exhibit) and the making of the contract of sale, the defendant falsely
and fraudulently represented to the plaintiff that all of the horses in
question were standard bred trotting horses, and eligible and subject to
registration as such in any association or institution for that purpose in
the United States, the petition proceeded with the following allegations:
"That in addition to said representations, and in part consideration for
the money and notes above referred to, the defendant promised and
agreed with the plaintiff that he, the said defendant, would furnish to
the plaintiff such affidavits, certificates, and proofs of pedigree of said
stock as would enable the plaintiff to procure the registration of said
horses in the association above referred to. * * * That said defendant has wholly failed and refused to carry out his agreement to furnish this plaintiff with such certificates, affidavits, and proofs as would
enable plaintiff to procure the registration of said horses."

Thus it will be noted that as a ground of recovery the plaintiff alleged,
in effect, a failure of consideration in the matter of the execution of the
notes above described. Adopting this theory, the court in the third
paragraph of its charge instructed the jury, that if at the time of the
sale the defendant, as a part of the consideration for the trade, promised
and agreed with the plaintiff that he would furnish him all necessary
proofs and certificates to procure the registration of the horses, and if
the defendant failed to furnish the proofs and certificates, and by reason
thereof the plaintiff had been damaged, a verdict should be returned for
the plaintiff.

The defendant addressed a special exception to that part of the petition setting up as an additional consideration to the purchase of the
horses, as disclosed by the bill of sale, the contemporaneous verbal agreement to furnish proofs of pedigree such as would enable the plaintiff to
procure the registration of the horses.

We think that this special exception should have been sustained. The
bill of sale, engrafted upon the allegations of the petition, purports to be
a complete contract in writing. It is not alleged that the omission to
insert the additional consideration above specified was due to fraud, accident, or mistake. The statement of the consideration which the writing
contains is contractual in its nature, and it can not be varied by proof of
a parol contemporaneous agreement engrafting an additional consideration. Pickett v. Green, 22 N. E. Rep., 737; Pennsylvania Co. v. Dolan,
32 N. E. Rep., 806.

We are unable to say that the erroneous action of the court upon this special exception was harmless, because, as we have noted, the view of the court was carried in its instructions to the jury, and probably influenced their verdict.

In view of another trial, we deem it proper to state, with reference to these promissory representations, that if they constituted promises which were false, and if they were made at the time of the transaction with the design of cheating and deceiving the plaintiff, and if the defendant at the time had no intention of performing the promises, but used them merely as false pretenses to induce the plaintiff to make the purchase, and if his conduct had that effect, such promises, followed by a noncompliance with them, would entitle the plaintiff to sue for damages. Railway v. Titterington, 84 Texas, 223.

Fraud thus arising was not, however, submitted by the court, but the promissory representations, as we have noted, were erroneously suggested to the jury as a cause of action, without reference to their fraudulent character, and solely from the improper standpoint of a failure of consideration.

The remaining feature of the plaintiff's cause of action, consisting in the alleged fraudulent representations of an existing condition, viz., that the horses were standard-bred trotting horses, and eligible and subject to registration as such, was, we think, properly submitted by the court; but upon the second aspect, which we have heretofore considered, we think there was error as above indicated, for which we feel constrained to reverse the judgment and remand the cause for a new trial. It is so ordered.

*Reversed and remanded.*