## Wytheville.

### FENNELL v. ZIMMERMAN AND ANOTHER.

#### JUNE 30, 1898.

1. RESCISSION—*Laches—Insurance—Premium Notes.*—Although an assured
stipulates that there shall be annexed to a policy on his life a slip
signed by the secretary of the company setting forth certain options
which he may exercise at the maturity of his policy, yet if he accepts
the policy with an unsigned slip attached, setting forth such options,
and makes no objection thereto, but executes his notes for a premium
for one year, and thereafter pays one of the notes and a part of the
other, it is too late, when sued on the note for the residue of the pre-
mium, twenty months after the policy was delivered and eight months
after the year for which the premium was due has expired, to set up
the defence that the slip was not signed by the secretary of the com-
pany, or that the contract of insurance was obtained by fraud. In
such matters great diligence is required in the discovery of the fraud,
and the election to rescind.

Error to a judgment of the Circuit Court of Tazewell county
rendered September 11, 1897, in an action of debt wherein the
plaintiff in error was the plaintiff, and the defendants in error
were the defendants.

*Reversed.*

The opinion states the case.

*Henry & Graham,* for the plaintiff in error.

No counsel for the defendants in error.

RIELY, J., delivered the opinion of the court.

This action was brought upon a note for $250 given to the plaintiff, as agent for the Mutual Life Insurance Company of New York, in part payment of the first year's premium on a policy of life insurance issued to the defendant by the said company. The whole premium was $517, and another note for $267 was given in payment of the balance of the premium, which the defendant had paid.

The defendant set up the defence that the plaintiff agreed and bound himself to furnish to the defendant a policy of insurance on his life in the said company for $10,000 on the endowment plan, maturing in twenty years, with a certain printed slip to be attached thereto and signed by the secretary of the company, so as to make the provisions thereof binding on the company, in which printed slip were set forth the several options the defendant would be entitled to exercise, if he lived until the maturity of the policy; that the policy issued to the defendant did not have the said slip thereto attached and signed by the secretary; and that it not being so signed and attached, he had never accepted the policy. The defence was set forth in two special pleas, averring fraud in the procurement of the notes, and claiming damages to the amount of $517, which the defendant offered to set off against the plaintiff's demand.

After the evidence was all in, the plaintiff demurred thereto, and the jury having found a verdict in the alternative for the plaintiff or defendant, subject to the opinion of the court upon the demurrer, the court was of opinion that the law was for the defendant, and gave judgment in his favor for the amount of the set-off, in accordance with the alternate verdict of the jury.

There was no conflict in the evidence, and it appears therefrom that a policy of insurance for $10,000 on the life of the defendant was issued by the said company on December 20, 1894, and received by the defendant between that date and the end of the month. Along with the policy was enclosed the printed slip referred to, but not signed by the secretary of the

company.  Upon the receipt of the policy, the defendant, without observing that the slip was not signed, or looking to see that it was signed, accepted the policy at the time without examining it, and took it to the bank, and put it in the safe where he had a box, and did not become aware that the slip was not signed until after this action was brought, about twenty months after his receipt of the policy.  In the meantime he had paid the note for $267, and also made two small payments, aggregating $25, upon the note sued on, besides writing to the plaintiff several letters, in which he promised to pay the balance due on the note.  Never at any time prior to the institution of this action, did he offer to rescind the contract because the printed slip was not signed, or make any complaint, either to the company or to the plaintiff, of the omission to do so.

It was the imperative duty of the defendant, upon the receipt of the policy, to examine it promptly, and see if the printed slip was attached thereto, and signed by the secretary of the company, if he meant to claim that this was a part of the contract, and if not so signed, to return the policy and the slip within a reasonable time to the company, or to the plaintiff, that it might be so signed and attached, and if not done, to demand that the contract be rescinded and his notes returned to him.  *Plympton* v. *Dunn,* 148 Mass. 523; and *Leigh* v. *Brown* (Ga.), 25 S. E. 621.  In cases of this nature, great diligence is required of the parties, and the delay for twenty months to examine if the printed slip was signed, as he testified that he had specially stipulated should be done, cannot be sanctioned. His negligence was inexcusable; the delay unreasonable.  He began to receive the benefit of the policy from the day of its date, and every day that he delayed to notify the company of the omission now complained of after he discovered it, or by the exercise of due diligence might have discovered it, was a wrong to the company, if his plea that the policy " was never accepted by him as a compliance with the contract or in lieu

thereof," were allowed to prevail. The company kept his life insured, and carried the risk during the entire year, for which he gave his notes for the premium, and furnished a consideration that cannot be restored. By his silence he left the company bound, so far as it knew, and, if he had died, it might have paid the policy without a suspicion that the defendant claimed that there was no binding contract. By his acts and unreasonable delay, he lost the right to rescind the contract, to avoid the note sued upon, and to recover back what he had paid, which was the only damage attempted to be proved.

The judgment of the Circuit Court must be reversed, and such judgment entered here for the plaintiff as should have been entered by the Circuit Court upon the verdict of the jury.

*Reversed.*