KING ET AL. VS MAYES.

Opinion delivered October 6, 1900.

1.  *Insurance Notes—Signatures Secured by Misrepresentations—Objection Waived by Retention of Policy.*

    Where defendant executes his note in payment of premium on life insurance policy, under agreement that the contract for insurance and payment therefor should not be binding until defendant had an opportunity to examine the policy; and retains the policy after receipt for a period of three months, and enjoys the protection afforded thereby, he cannot then defeat the action on his note on the ground of misrepresentations of the agent in obtaining his application for insurance.

2.  *Promissory Note—Forgery of Signature—Evidence Insufficient.*

    In an action on a note where the defense is a denial of the signature thereto, by the maker, defendant testified that the signature thereto appeared to be genuine, but that he did not sign it; the testimony of several expert witnesses was that the signature on note was identical with other admittedly genuine

signatures of defendant; and the original note, with other admitted signatures, is before the court for examination. *Held*, The evidence was insufficient on which to base a verdict of a jury on the theory that the signature was forged, and a verdict for the plaintiff should have been directed by the court.

Appeal from the United States Court for the Northern District.

WILLIAM M. SPRINGER, Judge.

Action by King Bros. against Walter A. Mayes on promissory note for $265.50, premium on policy of insurance on the life of appellee. Judgment for defendant. Plaintiffs appeal. Reversed.

*Marcum, Bailey & Owen*, for appellants.

*W. T. Hutchings*, for appellee.

CLAYTON, C. J. The answer sets up two defenses: First, that the note sued on was not signed by the appellee; second, that the application for the policy was procured by misrepresentations of the agent of the insurance company, and that it was not to be accepted by the appellee until he should have an opportunity to examine the policy. Appellants requested the court to instruct the jury to return a verdict in their favor, which was refused, and exception saved.

The policy came into the hands of the appellee on October 5, 1897, and was retained by him in his possession until January 8, 1898. The court properly instructed the jury that, if the note sued on was executed by appellee, he could not rely upon the second defense above set out, and refuse to pay the note, while enjoying the protection which the policy afforded him. The only question, therefore, which it

could have been proper to submit to the jury, was whether or not the appellee executed the note sued on. The appellee was examined as a witness, and, while admitting that the signature to the note appeared genuine, he stated that he did not sign it. The agent of the appellants testified that he was present and saw the note signed by the appellee. Several expert witnesses were examined, and all testified that the signature to the note was identical with those admitted to have been signed by the appellee. In addition to this, by writ of certiorari, the original note sued on, together with other papers bearing the admitted signature of the appellee, is before us, and there can be no doubt of the genuineness of the signature to the note. We do not think the jury was justified in basing its verdict on the theory that the note was a forgery, and the instruction for a verdict for appellants should have been given. "It is well settled by all the authorities that, where there is not sufficient evidence of the facts essential to the * * * defendant's affirmative defense, a verdict should be directed." Railroad Co. vs Nicholas 3 Ind. T. 40(53 S. W. 475.) See 6 Enc. Pl. & Prac. (N. S.) 686, and cases cited. From the evidence before the jury, no impartial man could have found but that the defendant signed the note. Let the judgment of the lower court be reversed, and the cause remanded for a new trial.

THOMAS and GILL, JJ., concur.