AMERICAN INSURANCE COMPANY *v.* DILLAHUNTY.

Opinion delivered March 1, 1909.

FIRE INSURANCE—DEFECTIVE POLICY—EFFECT OF RETENTION.—Though a policy of fire insurance is defective on its face in failing to describe part of the property insured, the assured cannot retain the policy and refuse to pay the premium notes.

Appeal from Mississippi Circuit Court; *Frank Smith,* Judge; reversed.

*D. F. Taylor,* for appellant.

1. By the terms of the policy the application is expressly made a part of the contract. Therein the item of $500 on grain and hay is set out. It is a valid policy for $1,300 insurance, and there is no failure of consideration for the note. The contract was complete when the policy was accepted. 66 Ark. 621; 13 Ark. 462; 61 Ark. 1. This court holds the application to be a part of the contract. 67 Ark. 584; 74 Ark. 1; 72 Ark. 620.

2. Appellee must be held to have accepted the policy. There is no proof that he ever refused to accept the policy or ever at any time requested its correction. 74 Mo. 167; 117 U. S. 535.

*W. J. Driver,* for appellee.

McCULLOCH, C. J. This is an action instituted by appellant insurance company to recover from appellee the amount of two promissory notes executed by the latter for the premium on a policy of fire insurance issued to him by the company on his property. The written application, which by the terms of the policy formed a part thereof, called for insurance for a term of three years in the sum of $1,300—$500 on household goods and $300 on commissary stock and $500 on hay and grain. The policy, when issued and delivered to appellee, stated in general terms that it was for insurance in the sum of $1,300, but in specifying the amounts on the separate items it failed to mention the item of $500 on hay and grain. This was a manifest error on the part of the person who filled out the policy. The descriptive clause of the policy is succeeded by the following sentence: "For a more particular description, and as forming part of this policy, reference is had to assured's application and description of even number herewith, on file in the office of this company, a copy of which application is hereto attached."

The policy was sent to appellee by mail, and he testified that soon after he received it he wrote to the company, giving information of the defect in the policy, but received no reply. He did not return nor offer to return the policy, and testified that he retained it because the company still had his notes, and he thought he "had better hold on to something." Repeated letters were written to him by the company requesting payment of the notes, and several months afterwards he wrote a letter to the company mentioning the defect in the policy and concluding with the following statement:

"I have been thinking I would see Mr. Miles (the company's agent) and straighten it up before I pay the notes, so if you think you can collect the insurance on $1,300 and the policy only shows $800, go ahead."

After the notes became due, the agent of the company who had them for collection called in person on appellee and informed him that if he would return the policy to the company the defect therein would be corrected. Appellee merely replied that he would show the policy to the agent some day.

The court, over appellant's objection, gave the following instruction, which is assigned as error:.

"If the defendant did in fact disaffirm the contract of insurance, such disaffirmance should have been evidenced by the return of or the offer to return the policy, either for correction or cancellation; but, after disaffirming the contract, he would have been required to surrender the policy only upon surrender to him of his notes."

This instruction was erroneous. The policy was a valid contract for insurance in the sum of $1,300, notwithstanding the patent omission of description of part of the insured property. Appellee was not bound to accept the policy in the defective condition, and had the right to demand a correction, but he could not repudiate the contract without returning the policy. As long as he held the policy, it constituted a valid and subsisting contract, and his retention of it was an election to treat it as being in force. He could not, by retaining it, treat it as being in force and at the same time refuse performance on his own part.

The court not only erred in giving the instruction quoted above, but under the undisputed evidence adduced should have given a peremptory instruction in favor of appellant.

Reversed and remanded for a new trial.