## GRAY v. LUMPKIN & THOMAS.

(Court of Civil Appeals of Texas. Amarillo. July 5, 1913. Rehearing Denied Oct. 11, 1913.)

1. PRINCIPAL AND AGENT (§ 124*)—EMPLOYMENT OF PHYSICIAN—APPARENT AUTHORITY OF AGENT—EVIDENCE.

Evidence of the employment by K., an employé of defendant, of plaintiff physicians to render services to an injured employé of defendant, being within the apparent authority of K., so as to render defendant liable for the services rendered, held sufficient to go to the jury.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 724; Dec. Dig. § 124.*]

2. PHYSICIANS AND SURGEONS (§ 24*)—EMPLOYMENT—LIABILITY FOR SERVICES.

The employment of plaintiff physicians by defendant to treat his injured employé continued while the case demanded their services or till they were discharged by defendant, so that he not having discharged them but merely informed them, while treating the employé, that he would not pay them, as he had not employed them, he was liable for their further treatment of the employé up to the time he was in condition to be dismissed from further treatment.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. §§ 53–62; Dec. Dig. § 24.*]

Appeal from Potter County Court; W. M. Jeter, Judge.

Action by Lumpkin & Thomas against W. H. Gray. Judgment for plaintiffs, and defendant appeals. Affirmed.

Lloyd Fletcher, of Amarillo, for appellant. Hugh L. Umphres, of Amarillo, for appellees.

HUFF, C. J. On a former day of this court we dismissed the case because the transcript and appeal bond from the justice and county courts was not in the transcript in this case. Appellant, upon motion for rehearing and by petition for writ of certiorari, brought up duly certified copy of the transcript and appeal bond, and upon hearing we granted the motion for rehearing and ordered the appeal bond and transcript so attached to his petition to be filed as a part of the record in this case and ordered that the case be taken upon the original submission.

One Boatman, an employé on W. H. Gray's (appellant's) ranch, had his leg broken by a horse falling on it. A Dr. Roland, a local physician, was called to the ranch and gave temporary treatment, when appellant decided to send the injured man to St. Anthony's Sanitarium, at Amarillo, for further care and treatment. For that purpose he placed the injured man in charge of Henry Kerr, another employé, to carry him to St. Anthony's Sanitarium, and at the same time wrote and delivered a letter to Kerr, addressed to doctors at Amarillo, together with a letter written by Dr. Roland. The letters appear to have been lost, and the contents of the letters are not shown by the evidence. One was written by appellant Gray and the other by Dr. Roland, at the request of appellant, for the purpose of showing what had been done and to be delivered to the doctor taking charge of the case. There appears to be no dispute in the testimony but that appellant intended and did pay for the care of Boatman at the sanitarium and paid other expenses, and that it was his purpose to pay the doctor's bill, provided, as contended by appellant, the doctor addressed in the letter attended the case. The appellees, Lumpkin & Thomas, treated the case and charged $110 for their services, which the evidence uncontrovertedly shows to have been reasonable. The question in this case is narrowed practically to one question of fact, whether the appellant employed or authorized Kerr to employ appellees. Appellant testified by deposition that he addressed the letter to Drs. Walker and Johnston, authorizing either to treat the case, and had they done so he would have paid the bill. The evidence by appellees and by appellant appears that Dr. Thomas was at the sanitarium when the patient arrived and that as an act of humanity gave a hypodermic to relieve his present suffering. He had been brought overland in a wagon some distance from the ranch to the sanitarium. Dr. Walker was not at the sanitarium at the time of the arrival of the patient. The letter by Gray was on a slip of paper which was mislaid. Dr. Thomas, after administering temporary relief, phoned Dr. Walker. Some one at that time told Dr. Thomas, and it appears also such statement was made in the presence of Dr. Lumpkin at the time, that the letter in question was addressed to Drs. Walker, Johnston, or Thomas, and upon such information they proceeded to treat or operate upon Boatman. Dr. Walker came to the sanitarium and assisted in the operation by administering an anæsthetic. Dr. Walker testified that the letter from Dr. Roland was addressed to Drs. Walker, Johnston, or Thomas. This letter was written at the request of Gray and sent by him with Mr. Kerr. The jury were also warranted in finding from the testimony that Kerr, who brought Boatman in from the ranch for treatment and care, requested Lumpkin & Thomas to treat the case. The doctors at the time evidently understood that appellant had requested either of the three doctors to treat the case. Dr. Walker evidently so understood the letter and left the case with Dr. Thomas, who had first ministered to the injury.

[1] The master as a rule is not, in the absence of an agreement or some stipulation, under legal obligation to furnish medical attendance for an employé who falls sick or is injured while engaged in his duties. Railway Co. v. Hennegan, 33 Tex. Civ. App. 314, 76 S. W. 453; Davis v. Forbes, 171 Mass. 548, 51 N. E. 20, 47 L. R. A. 170; 26 Cyc. 1049. In this case there is no question that appellant at the time proposed to pay the bill for the doctors' services, if certain doctors were

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

employed. The issue, therefore, was sharply drawn as to whether Dr. Thomas, of the partnership of Lumpkin & Thomas, was one of the doctors named by appellant. The jury settled this question adversely to appellant's contention. If Thomas was one of the doctors authorized and he undertook the case, then we think appellees should recover for their services. Complaint is made to the charge of the court, which is to the effect that if Kerr employed appellees, and that his act in so employing them was within the apparent scope of his authority, then appellees could recover. While there is a dispute as to whom the letter was addressed, it is uncontroverted that appellant employed Kerr to take Boatman to the sanitarium for care and treatment and after arriving there the man who was suffering from the injury was relieved by appellees, at his request. Dr. Walker was not then at the sanitarium. The evidence does not show that the letters by appellant limited Kerr's authority. We think under the facts the court was not in error in submitting the question of whether Kerr was acting within the apparent scope of his authority. True, appellant testified that he instructed Kerr to first deliver the letter to Walker if he could be found, and, if not, to Dr. Johnston. We think under the circumstances in this case that justice and humanity demanded prompt attention. No injury being shown appellant, he should not complain. There is no question made as to the reasonableness of the charges made for the services; none made that appellant did not authorize Kerr to employ medical assistance. The only controversy is a quibble whether the letter was addressed to two or three doctors. When life is at stake, or great bodily suffering, demanding immediate relief, an exact adherence to the letters of instruction should not be demanded from the agent or from those dealing with him. Laws are doubtless enacted and should be administered for the welfare of humanity, and in a case of this kind we feel that the services and skill of the appellees should be compensated when secured under the circumstances here shown. Texas Building Co. v. Albert et al., 57 Tex. Civ. App. 638, 123 S. W. 716.

[2] It appears from the appellant's testimony that before Boatman was discharged from treatment appellant informed appellees that he would not pay them as he had not employed them to treat Boatman. Upon this proposition appellant requested the court to charge the jury they could not allow appellees for anything after such denial of liability. He did not discharge appellees from the case but denied that appellees were ever in his service. Had they quit the case it would, under the statement of appellant then made, have amounted to an admission that they were never in his employment. We do not think the court erred in refusing the requested charge. The jury having found that ap-

pellees were employed to treat the case, that employment continued while the case demanded their services or until they were discharged by appellant. Where two or more persons enter into a contract of a continuing nature, one of them cannot, by his own act, discharge himself from liability and put an end to the contract, without the consent of the other, unless there is an express power of defeasance reserved in him. 1 Addison on Contracts, 361. If the appellees had undertaken to treat the case under an employment to do so, as found by the jury, they were legally bound to continue until the patient was in condition to be dismissed from further treatment. Dale v. Donaldson, 48 Ark. 188, 2 S. W. 703, 3 Am. St. Rep. 224, and authorities cited; Potter v. Virgil, 67 Barb. (N. Y.) 578.

We find no such error presented in the trial of the case as requires a reversal, and the case will therefore be affirmed.