RIBBLE v. ROBERTS. (No. 5516.)

(Court of Civil Appeals of Texas. Austin. Oct. 20, 1915. Rehearing Denied Nov. 24, 1915.)

INSURANCE  141 — DELIVERY AND ACCEPTANCE OF POLICY—ESTOPPEL.

As claimed by plaintiff, he was induced to take life insurance by the representations of the insurer's agent that the annual premium would be $81.90, whereas the policy provided for payment of an annual premium of $86.90. A few days after the delivery of the policy plaintiff discovered this discrepancy and wrote the agent a letter calling his attention to it, and stating that he did not want the policy unless he could get it corrected and would hold it subject to the agent's order unless corrected. The agent did not answer the letter, and, though they lived in the same community, plaintiff neither returned the policy, notified the company, nor again wrote the agent until payment of the second annual premium was demanded, when he notified the company that he had dropped the policy. *Held* that, conceding that fraud was proved, there being no offer to return the policy, except what might be construed as a conditional proposition to do so, plaintiff's retention of the policy was an acquiescence therein, and a ratification thereof and estopped him from asserting the contrary as a defense to an action on notes given for the premiums.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 75, 253–262; Dec. Dig.  141.]

Appeal from Brown County Court; Frank H. Sweet, Judge.

Action by A. D. Ribble against J. B. Roberts. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

Miller & Low, of Brownwood, for appellant. Mark McGee and Scott & Foster, all of Brownwood, for appellee.

RICE, J. This suit was instituted by appellant against appellee in the justice court on the 15th of April, 1914, to enforce the collection of two notes, executed by appellee, of date May 27, 1911, one for the sum

of $81.90, and the other for the sum of $11.-11, each payable to the order of Ribble and Wilson, the first on November 1, 1911, and the latter upon the tender to appellee of a certain life insurance policy, in consideration for which they were executed, the first bearing 8 per cent. interest from date and providing for 10 per cent. attorney's fees, if placed in the hands of an attorney for collection.

Appellee resisted their payment upon the ground that Wilson made fraudulent representations to him to procure their execution and induce him to take said insurance, in this, that he represented that the annual premium upon said policy of insurance would be $81.90, whereas, in truth and in fact, the policy when delivered provided for the payment of an annual premium of $86.90.

Trial in the justice's court resulted in a judgment in favor of appellant, from which an appeal was taken to the county court, where the case was tried by jury on special issues and judgment was rendered for appellee, from which appellant has prosecuted this appeal.

It appears from the evidence that on the 27th of May, 1911, A. D. Ribble and Chas. Wilson were agents for the American Home Life Insurance Company of Ft. Worth, and, as such, entered into a contract with appellee whereby he agreed to take out a policy of insurance upon his life in said company for the sum of $2,500, and the notes in question were executed in payment of the premiums therefor. It further appears that Wilson agreed that the annual premium should be $81.90. The policy, however, recited that it should be $86.90, and the application, which the appellee signed without reading, contained a similar recital. Wilson did nothing, however, that induced him to sign the application without reading it, and states that the note was made for $81.90 by mistake. Desiring the policy to take effect from date and the premiums therefor to become due on the 1st of November of each year, the first note was given for the first annual premium, and the second to cover the short term insurance; that Wilson represented to him that the annual premiums on said policy would be $81.90. About the 1st of June thereafter the policy was delivered to him by Wilson, but, being about ready to go to the field to work, he put the policy in his trunk without reading it. Within three or four days thereafter he showed the policy to his brother-in-law, who called his attention to the fact that the premium called for therein was $86.90, instead of $81.90. On the next day thereafter he went to see Wilson, who lived in the neighborhood, about this matter, intending to turn the policy back to him, but failed to see him. He did not try to see Ribble, because he was not then in the country. On returning home he wrote

Wilson a letter calling his attention to the discrepancy, stating that he had promised to write the policy for the premium of $81.90; that he did not want the policy, unless he could get it corrected to conform to his agreement, and would hold it subject to his order unless corrected; that he heard nothing thereafter from Wilson or Ribble about the policy until about the time the note became due; that he did not write again to either of them in regard to it; that Wilson lived in the same community, and he could easily have seen him, but that he did not see him often, and did not mail the policy to either of them, nor did he at any time demand the return of his notes; that he never notified the company that he would not accept the policy, or that he desired any changes in it, until after it drew on him through the Brownwood bank for the second annual premium, which was due November 1, 1912; that he then notified the bank and the company that he would not pay the premium, but had dropped the policy; that he would not have agreed to take the policy if he had known that it called for an annual premium of $86.90; that he still had the policy of insurance in his possession; and that he never told his mother, the beneficiary, who lived with him, that he had rejected it.

Appellant requested and the court refused to give a peremptory instruction in his behalf, which is assigned as error. He also questions the sufficiency of the evidence to sustain the judgment. We agree with appellant in both of these contentions, and think the charge requested should have been given." Conceding, for argument's sake, that there was sufficient proof of fraud to justify the avoidance of the policy on this ground, if the proper steps had been taken to do so, and that the notes were therefore without consideration to support them, still it appears that appellee never at any time returned or offered to return the policy." It is true that what he did may be construed as a conditional proposition to do so, if the company should fail to change the policy so as to conform to his understanding of the matter; yet, after failing to hear from the agent to whom he had written, he kept the policy, and had it in his possession at the time the suit was instituted. The refusal of Wilson to respond to this letter and his neglect to conform to the request therein made, with the continuous retention of the policy on the part of appellee, is sufficient, we think, to show his acquiescence in and ratification of the policy as written, and will therefore estop him from asserting the contrary. Having had the benefit of the policy from its date, thereby giving the beneficiary a right of action thereon in the event of his death, he should not now be permitted to repudiate the payment of the notes on the ground of failure of consideration; but, on the contrary, that he did

must be regarded as an election by him to treat the policy as being in full force. See American Ins. Co. v. Dillahunty, 89 Ark. 416, 117 S. W. 245; Smith v. Smith, 86 Ark. 284, 110 S. W. 1038; Remmel v. Griffin, 81 Ark. 269, 99 S. W. 70; N. Y. Life Ins. Co. v. Miller, 11 Tex. Civ. App. 536, 32 S. W. 550; King v. Mayes, 3 Ind. T. 362, 58 S. W. 573; 25 Cyc. 757–8 and notes; Leigh v. Brown, 99 Ga. 258, 25 S. E. 621; Fennell v. Zimmerman, 96 Va. 197, 31 S. E. 22; Plympton v. Dunn, 148 Mass. 523, 20 N. E. 180; American Ins. Co. v. Neiberger, 74 Mo. 167; 1 Joyce on Insurance, § 58, where it is stated that:

"If the application for insurance does not set forth all the provisions which the policy is to contain, and the agent represents that the policy will contain certain lawful stipulations, the policy must contain them, or the insured will not be bound to accept it. In such case, however, it is incumbent upon the applicant immediately on receipt of the policy to notify the company of his refusal to accept the policy."

For the reasons indicated, the judgment of the court below is reversed, and judgment here rendered on both notes for appellant.

Reversed and rendered.

---

⬅⬆For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes