RIBBLE v. ROBERTS.   (No. 5516.)

(Court of Civil Appeals of Texas. Austin. Feb. 23, 1916.)

Appeal and Error ⊕=1221—Disposition of Cause—Rendition of Judgment—Correction.
Under Rev. St. 1911, art. 1626, providing that, when a judgment shall be reversed, the Court of Civil Appeals shall render such judgment as the lower court should have rendered, where the Court of Civil Appeals, in reversing a judgment of the county court, reversing a judgment of a justice of the peace for plaintiff, renders judgment for plaintiff, but not against the sureties on the bond on appeal from the justice of the peace, such judgment will be reformed on motion, so that plaintiff may have judgment against defendant and his sureties on the appeal bond for his debt and costs of both justice and county courts, as well as against defendant for the debt and all costs.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4722; Dec. Dig. ⊕=1221.]

Appeal from Brown County Court; Frank H. Sweet, Judge.

Action by A. D. Ribble against J. B. Roberts. From a judgment of the county court, reversing a judgment of a justice of the peace for plaintiff, he appeals. Heard on motion to reform and correct judgment. Motion granted.

Miller & Low, of Brownwood, for the motion. Mark McGee and Scott & Foster, all of Brownwood, opposed.

RICE, J. This suit was brought by appellant against appellee in the justice court to recover judgment on two notes executed by appellee to him. A trial in said court resulted in favor of appellant, from which judgment appellee prosecuted his appeal to the county court, executing an appeal bond, with P. C. Krischke and R. R. Shanks as sureties, conditioned as required by law. On trial in the county court judgment was rendered in favor of appellee, from which appellant, in due time, prosecuted his appeal to this court, where, on November 24, 1915, said judgment of the county court was reversed and rendered for appellant but judgment was not rendered against said sureties on the appeal bond from the justice to the county court (see Ribble v. Roberts, 180 S. W. 620), and appellant has since said time filed a motion in this court, asking that said judgment be so reformed and corrected that he have and recover the amount of his debt and the costs of the lower courts against said sureties, as well as against appellee, alleging that the former are liable upon the appeal bond.

We have concluded that appellant is entitled to the relief prayed for in said motion, because article 1626 of the Revised

Statutes of 1911 provides that, when the judgment or decree of the court below shall be reversed, this court shall proceed to render such judgment or decree as said lower court should have rendered, etc. As determined by us, the lower court should have rendered judgment in favor of appellant, instead of appellee, and if this had been done, under the law appellant would have been entitled to judgment against appellee and the sureties on said appeal bond for not only the amount of said judgment, but for costs of both the county and justice court as well. This being true, it follows that appellant is entitled, upon reversal in this court, to such judgment as the county court should have rendered in his behalf. Said motion is therefore granted, and the judgment heretofore rendered is so reformed that appellant have judgment against appellee and his said sureties on said appeal bond for the amount of his debt and costs of both the justice and the county courts, as well as against appellee for said debt and all costs.

Motion granted.

---

&⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes