REMMEL *v.* GRIFFIN.

Opinion delivered January 7, 1907.

1. INSURANCE—WHEN POLICY ACCEPTED.—One who takes out a policy of life insurance is required to examine it within a reasonable time after he receives it, or he will be deemed to have accepted it, and become liable upon his note for the premium. (Page 271.)

2. SAME—EFFECT OF FAILURE TO READ POLICY.—One who has received a policy of life insurance and has failed to notify the insurance company or its agent of his objections to the policy within a reasonable time can not avoid the payment of his premium note upon the ground that he did not read the policy, unless he was induced by the insurance company or its agent not to do so. (Page 271.)

Appeal from Sevier Circuit Court; *James S. Steel,* Judge; reversed.

*Otis T. Wingo,* for appellant.

It is admitted that the appellee was of sound mind and business ability, and was able to read and write with ease. It was his duty to examine the policy on receiving it, or within a reasonable time thereafter. Failing therein, he must abide the consequences of his own negligence. 31 Ark. 170; 7 Ark. 167; 30 Ark. 686; 11 Ark. 58; 26 Ark. 28; 19 Ark. 522; 22 Ark. 244.

BATTLE, J. This is an action on a note executed by W. A. Griffin to R. M. Carter, or order, for the sum of $78.96, on the second day of September, 1903, and due on the first day of December, 1903, and transferred by Carter to H. L. Remmel. The action was brought by Remmel against Griffin.

The defendant, answering, admitted the execution of the note, but alleged that it was given in payment of the first year's premium on a policy of insurance, and that the policy delivered was not such as that for which he contracted.

In the trial before a jury the defendant testified as follows: "About the first of September, 1903, R. M. Carter, an agent of the insurance company, sold me a policy of insurance. It was to be a ten-pay policy for $2,000. I executed the note sued on, * * * gave this note in payment of the first premium on the policy I was to receive. Relying upon the agent to give me the policy promised, I signed the application without reading it to see what kind of a policy it called for, further than to see that it was a ten-payment policy. I did not examine the policy when it came to see if it was the kind promised, but signed the receipt attached to the deposition of Mr. Lewis without reading or examining the policy. I did not examine the policy until a month or so after I received it, and then for the first time noticed that it was not a ten-pay policy, as I had expected, but instead it was a twenty-pay twenty-year distribution policy. I returned the policy in a few days, but Mr. Carter returned it to me, advising me that it could not now be canceled, as it was in force for one year, and that the note, which was then due, would have to be paid. I am 40 years old, a tie contractor by occupation, and can both read and write with ease."

The court instructed the jury over the objection of the plaintiff as follows:

"Gentlemen of the Jury: This is an action on a note given by the defendant for the first year's premium on a policy of insurance. There is no controversy as to the execution of the note, but it is contended by the defendant that the policy that was delivered to him was not such a policy as he contracted for, and which the agent promised him. If you believe from the evidence that the policy delivered to the defendant was not the class of policy promised him by the agent, and that he returned the policy to the agent within a reasonable time after he discovered that it was not the kind promised him, then you will find for the defendant. Upon the other hand, if you find by a preponderance of the evidence that the defendant did not return the policy within a reasonable time after he *discovered* that the policy delivered was not what he contracted for, then in that event you will find for the plaintiff the amount of the note sued on with interest as stipulated therein."

The jury returned a verdict in favor of the defendant; and the plaintiff appealed.

About the first day of September, 1903, appellee contracted with "The Mutual Life Insurance Company of New York" for a policy of insurance. He executed his note to Carter, the agent of the insurance company, for the first year's premium on the policy, due on the first day of December following. On the 31st day of October, 1903, he received from the insurance company a policy. It was his duty to examine the policy in a reasonable time after he received it, that is in such a time as he could have done so, and if he rejected it to so inform the insurance company or its agent; and, failing to do so, he is deemed to have accepted it and is liable upon his note. After such acceptance he can not avoid the payment of his note on the ground that he did not read the policy, unless he was induced by the insurance company, or its agent, not to do so. *New York Life Ins. Co.* v. *McMaster,* 87 Fed. Reporter, 63. The instruction of the court was erroneous and prejudicial.

Reverse and remand for a new trial.