### SMITH v. SMITH.

#### Opinion delivered May 18, 1908.

INSURANCE—ACCEPTANCE OF POLICY.—One who held a policy of insurance for several months after he ascertained that it was not the policy he ordered will be deemed to have accepted it in the form it was issued and can not avoid payment of the premium.

Appeal from Mississippi Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

*J. T. Coston,* for appellant.

1. D. A. Smith signed the amended application and is chargeable, as a matter of law, with knowledge of the contents of the policy, whether he read it or not. 105 S. W. 881; 91 U. S. 50; 71 S. W. 946; 87 Fed. 66.

2. There was a complete ratification by Smith. He received the policy; it was his duty to accept or reject within a reasonable time; having failed to speak, he thereby signified his election to accept. 99 S. W. 71.

*Taylor· & Little* and *Mathes & Westbrooke,* for appellee.

There is ample evidence to support the decree. Appellee never saw the amended application, and never read it. He relied on the fraudulent representations of the agent that the policy was all right. The chancellor properly found fraud. 99 S. W. 71 is not conclusive. The rule therein was never intended to apply to any but fair and honest contracts, where a mistake is condoned by acceptance with knowledge or opportunity to know. Such is not this case.

McCulloch, J. Appellee, D. A. Smith, made application on September 14, 1903, to the New York Life Insurance Company, through appellants, Smith & Scivally, its soliciting agents, for a policy of insurance on his life, and executed to appellants his two promissory notes, each for the sum of $276.75 payable on November 1, 1903 and January 1, 1904, respectively, for the first annual premium on the policy. He paid the first note at maturity, and in May, 1904, judgment was rendered against him in the circuit court of Mississippi County in favor of appellants on the other note, and that judgment remains unsatisfied.

Appellee instituted this suit in equity on April 14, 1905, against appellants to recover back the sum paid in discharge of the first note, and to enjoin the enforcement of the said judgment rendered on the other note. He alleged in his complaint that the form of insurance policy which he applied for was what is known as a twenty-payment life policy; that he relied upon appellants as agents of the company to furnish him that form of policy, and gave his notes for the premium; that he paid the first one at maturity and suffered judgment at law to be rendered against him on the second, relying on the promise of appellants to furnish that form of policy; that the policy had not then been delivered, and that he discovered afterwards that the policy issued by the company to him was not the kind applied for, but was different in form and substance, being what is commonly known as an ordinary life policy with twenty years' settlement option.

Appellants answered, admitting that the form of policy originally applied for was a "twenty-payment life," but alleged that the company for some reason declined to issue that kind of policy to appellee, and issued in lieu thereof the kind known as

"ordinary life with twenty-year settlement;" that appellant amended his application so as to ask for the last-mentioned form of policy, and that it was delivered to him, and that he executed his written acceptance of same before he paid the first note.

The cause was heard on the pleadings and proof, and the chancery court granted the relief prayed for in the complaint.

The evidence does not, we conclude, warrant the decree granting relief to appellee. He signed a receipt, dated October 17, 1903, accepting the policy in the changed form. In his deposition he denies all recollection of having signed the receipt, but does not positively deny the genuineness of the signature. His statements on this point are equivocal. One of the appellants testifies positively that appellee signed the receipt, and other testimony establishes the fact that the signature is genuine. We find it to be established by the evidence that he signed the receipt accepting the policy. This receipt bears date October 17, 1903, before the first note, which he paid, matured.

Appellee admits that he received the policy and had his attention called to its changed form a short time—from one to four months—after judgment was rendered against him in May, 1904, on the last note. This was from seven to ten months before he commenced this suit. Meanwhile he made no objection to the form of the policy, and kept it in his possession. It was his duty to reject the policy, if he did not want it, as soon as he ascertained that it was not of the kind he ordered. Failing to do this, he is deemed to have accepted it in the changed form, and can not avoid payment of the premium. *Remmel* v. *Griffin*, 81 Ark. 269.

He claims that when the policy came to the possession of the agents, one of them represented to him that it was the kind of policy applied for, and that he left it with the agents and paid the first note, relying upon that representation. Even if that be true, he admits receiving the policy into his possession and obtaining actual knowledge of its contents long before bringing this suit or otherwise making objection to the policy. There is some conflict in the evidence as to difference in premium on the two kinds of policies, but the amount of annual premium recited in the policy which was delivered corresponds precisely with the amount of the two notes, and this is what he agreed to pay.

The decree is reversed, and the complaint is dismissed here for want of equity.