PEOPLE'S SAVINGS BANK v. RAINES.

Opinion delivered January 23, 1928.

1. BILLS AND NOTES—INSURANCE PREMIUM NOTES—INNOCENT PURCHASER.—Since Crawford & Moses' Dig., § 7960, providing that no note for insurance premiums shall be negotiable until the policy for which the note was given as payment for a premium thereon shall have been issued and delivered, does not declare such a note void, such note may be acquired by innocent holders in due course after they have become negotiable by issuance of the policy.

2. INSURANCE—DELIVERY OF POLICY.—Where insured kept the policy, for which he gave his note, in his possession without refusing to accept it for nearly three months after its delivery, he could not claim, in an action on the note, which was not negotiable under Crawford & Moses' Dig., § 7960, until after delivery of the policy, that it was not issued and delivered.

3. INSURANCE—DUTY OF INSURED TO EXAMINE POLICY.—It is the duty of the insured to examine his policy within a reasonable time after delivery to him and reject it, if it did not comply with his contract, and upon failure to do so, he will be deemed to have accepted it, and cannot avoid liability on the premium note.

4. BILLS AND NOTES—LIFE INSURANCE PREMIUM NOTE—INNOCENT PURCHASER.—Where a bank became the innocent purchaser for value of a note for a life insurance premium, made negotiable, under Crawford & Moses' Dig., § 7960, after the policy was delivered to the maker, it took the note free from defects therein or defenses existing in favor of the maker.

Appeal from Pulaski Circuit Court, Third Division; *Marvin Harris*, Judge; reversed.

### STATEMENT OF FACTS.

The bank brought this suit upon a promissory note for $189.50 alleged to have been executed by appellee, John R. Raines, on January 12, 1926, to one E. W. Tillman, and by him sold and transferred to the bank on January 14, 1926, in due course of business and for a valuable consideration and without any notice of any defects in or defenses thereto. An affidavit of merit was made to the complaint, in accordance with § 1233, C. & M. Digest of the Statutes.

The appellee answered, denying the material allegations of the complaint and any liability on the note, alleging that it was given for a premium on an insurance policy; that it was only pledged as collateral by the payee, Tillman, to the appellant bank to secure his own note given for the loan before the insurance policy for which it was given was issued and delivered to appellee; that the note at the time was non-negotiable and void; that the insurance policy for which it was given was not issued as applied for, and never accepted by appellee, and was canceled by the insurance company. No affidavit of merit, as prescribed by § 1233, C. & M. Digest, was made to the answer.

Appellant filed a reply, denying that the note sued on was non-negotiable and void at the time of its transfer to it and that any policy of insurance for which it might have been given as a premium thereon was not issued as applied for nor accepted by appellee.

The testimony shows that the note was purchased in due course of business for value before maturity by appellant bank from Tillman, the payee, without notice of any defects therein or defenses thereto, and is in form an ordinary negotiable promissory note for $189.50, dated January 12, 1926, payable June 15, 1926, to the order of E. W. Tillman, and duly indorsed by him.

The note was given for the premium on an insurance policy, and executed at the time the application for the policy was made, on January 12, 1926. The bank had no notice that the note had been given for an insurance premium until they notified appellee, in May before it became due in June, that the bank was the holder of the note and would expect payment when it became due.

Appellee admitted the execution of the note, and stated it was given for a premium on an insurance policy at the time the application for the policy was made. That the policy was delivered to him about the first of February thereafter, but was not issued in the form applied for, and that, some time in April thereafter, Tillman, the payee of the note, who had solicited the insurance, came over and took the policy up, stating, at the time, that he had quit the insurance company, and wanted to make a settlement with them, and would return appellee's note in a few days. He gave him a receipt for the policy as follows:

"Received from Jno. R. Raines policy No. 168488, for which policy is this day canceled, on January 12, 1926, a note for $189.50, payable June 15, 1926, was given for the above numbered policy, for which said note is null and void and to be returned to John R. Raines.

(Signed) "E. W. Tillman,

"Agent American Nat. Ins. Co., Galveston, Texas."

Appellee said: "I asked him for the note. He told me that the insurance company had the note, and that he would deliver it to me in a couple of days. After the policy was delivered to Mr. Tillman and he failed to deliver my note, he, Tillman, executed his note to me to indemnify me. That note is in my possession. I kept pressing him for my note, and I thought I had better take that or take nothing. Tillman did not tell me that he had sold the note to the bank until after I got a notice from the company, some time in the latter part of May." Said he had paid nothing to the People's Bank on the note, and did not know where Tillman was. Claimed the policy was not issued as applied for because Tillman

represented that, under the policy, in case of permanent disability $20 per month would be paid, and the policy did not call for that.

The court refused to give plaintiff's requested instruction for a directed verdict and also its requested instruction No. 2. It also refused appellee's request for a directed verdict, and gave, over appellant's objection, his requested instruction No. 4.

The jury returned a verdict in appellee's favor, and from the judgment thereon this appeal is prosecuted.

*Raymond Jones,* for appellant.

*Tom F. Digby,* for appellee.

KIRBY, J. Appellant insists that the court erred in refusing to direct a verdict in its favor.

This appeal involves the construction of § 7960, C. & M. Digest, which provides:

"Section 7960. No note hereafter given for premiums on insurance in this State shall be negotiable until the policy for which said note was given as payment for premium thereon shall have been issued and delivered to the maker of said note, and all notes so given shall state for what purpose the note was given; provided that, if a policy shall be issued in the form applied for, and the maker of any such note shall refuse to take same, when same shall be presented to him for acceptance, then and in that case such note shall be negotiable. Nothing in this act shall be construed to in any way invalidate such notes as between the payee and payor, and such notes, when they become negotiable, shall be in all respects as other negotiable papers. Any person violating the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in any sum not less than $50 and not more than $200." Act March 29, 1913, p. 1070.

Appellant insists that, since the statute does not declare void a note given for the premium on an insurance policy, that an action thereupon by a *bona fide* holder of such note, acquired in due course of business, would not be subject to any defenses by the maker under the terms of the statute.

It is true this court has uniformly held that usurious notes are void in the hands of an innocent purchaser in due course of business, and also that there can be no innocent purchaser of negotiable paper in due course of business given in payment for any patented machine, in violation of the statute, because such notes are declared void, the ones for usury under article 19, § 13, of the Constitution, repeated as § 7362 of C. & M. Digest, and the other under § 7956, C. & M. Digest. *German Bank* v. *DeShon*, 41 Ark. 341. See also *Woods* v. *Carl*, 75 Ark. 328, 87 S. W. 621, 5 Ann. Cas. 423; *Tilson* v. *Gatling*, 60 Ark. 114, 29 S. W. 35; *Ozan Lbr. Co.* v. *Union County Bank*, 207 U. S. 254, 28 S. Ct. 89, 52 L. ed. 195; *Jonesboro Trust Co.* v. *Nutt*, 118 Ark. 368, 176 S. W. 322.

The said statute does not declare notes given for premiums for insurance void, but that "no note hereafter given for premiums * * * shall be negotiable until the policy for which said note was given as payment for premium thereon shall have been issued and delivered to the maker of said note, and all notes so given shall state for what purpose the note was given."

If the note is not negotiable unless made in the form prescribed and under the conditions designated in the statute, then there could be, of course, no *bona fide* holder of such note in due course, within the meaning of our statutes and decisions on commercial paper—the Uniform Negotiable Instruments Law; but this statute provides that such note shall be negotiable after the policy shall have been issued and delivered to the maker of the note, and "that, if a policy shall be issued in the form applied for," and refused when presented to the insured for acceptance, "such note shall be negotiable"; and further, "such notes, when they become negotiable, shall be in all respects as other negotiable papers." Nothing in the act is to be construed to in any way invalidate such notes as between the payee and payor; the purpose of the statute evidently being to prevent irresponsible insurance companies and their agents from realizing on the obligation given by applicants for insurance before

delivery of the policies and without giving them the protection contracted for.

It is also true that the statute does not denounce a penalty against the purchaser of any such note, and, since it does not declare such notes void and does declare that they shall be negotiable under the circumstances designated, they could, of course, be acquired by innocent holders in due course after they became negotiable.

The undisputed testimony shows that this policy for the premium upon which the note sued on was given was issued and delivered by the insurance company to the maker of the note; that he kept it in his possession, without refusing to accept it, for nearly three months after it was delivered, and then turned it over to the agent who had solicited his insurance upon his statement that he had quit the company and wanted to make a settlement with it. Such being the case, he cannot claim that the policy was not issued and delivered to him.

It was the duty of the insured to examine the policy in a reasonable time after its delivery to him—that is, in such a time as he could have done so—and to reject it, if it was not what he contracted for, and, if he failed to do this, he will be deemed to have accepted it, and cannot avoid liability for payment of the premium note. *Remmel* v. *Griffin*, 81 Ark. 269, 99 S. W. 70; *Smith* v. *Smith*, 86 Ark. 284, 110 S. W. 1038; *Gray* v. *Stone*, 102 Ark. 146, 143 S. W. 114; *Carrigan* v. *Nichols*, 148 Ark. 336, 230 S. W. 9.

Here the insured admitted having kept the policy after its delivery to him, about the first of February, until some time in April, when he turned it over, upon his request, to him who had been the agent of the insurance company when it was issued and delivered, upon his statement that he had quit the insurance company and wanted to make a settlement with it, and his agreement that the premium note would be returned within a few days. This constituted an unreasonable delay in the attempted rejection of the policy (*Carrigan* v. *Nichols, supra*), and the insured must be held to have accepted it,

and that the policy for which the premium note was given was issued and delivered within the meaning of the statute, removing all restrictions as to the negotiability of the note.

The bank, having become the innocent purchaser for value of the note, which was negotiable after the policy was delivered to the maker, in due course and before its maturity, took it free from any defects therein or any defenses thereto that had heretofore existed in favor of the maker.

These facts having been shown by the undisputed testimony, the court erred in not directing a verdict in appellant's favor, and the judgment is accordingly reversed, and judgment will be entered here for the amount of the note. It is so ordered.