RELIANCE LIFE INSURANCE COMPANY OF PITTSBURGH *v.* PEARSON.

Opinion delivered December 10, 1928.

612

614

*Cockrill & Armistead, S. M. Casey* and *Shields M. Goodwin,* for appellant.

*John E. Miller,* for appellee.

KIRBY, J., (after stating the facts). It is insisted that the court erred in holding that the giving of the note by the insured to the agent of the company, who delivered the policy to him, constituted a payment of the yearly premium and continued the policy in force at the time of the death of the insured.

Appellant concedes that the taking of such a note by a general agent of the company would have constituted a payment of the premium, so far as the company was concerned, but contends that the soliciting agent was without authority to accept such note, and that the policy lapsed and was void because of the nonpayment of the premium in cash when it became due. It is undisputed, however, that the first premium for the short term insurance was duly paid to the company, and that the policy was issued and delivered by the insurance company through its soliciting agent, who was authorized to collect the premium, and who took the note payable to himself for the first premium due after the end of the short term, or that any action was taken by the insurance company to ascertain how the premium had been paid upon the delivery of the policy, or any steps to claim lapse of the policy for failure to pay the premium before the death of the insured.

The policy itself does not provide it shall be void until the payment of the first premium note is made in cash, and, if it had done so, the first premium due for the short term was conceded to have been paid, and does provide for the payment of the amount of the policy, "less any indebtedness herein to the company or any unpaid portion of the premium for the current policy year."

It is true the letter of instructions provided that the policy must not be delivered until the first premium is fully settled for and the insured has done "all the acts the company requires of him, and has settled the premium in full, then, and not until then, the agent may deliver the policy to the applicant;" provided 60 days have not expired after the medical examination. It is not

disputed that these instructions were for the agent, and not communicated to the insured, nor that the policy was actually delivered to him while he was in good health, within the time provided therefor, upon the settlement of the premium in full by the execution of the note therefor to the agent.

It was the duty of the agent to report his action, of course, to his principal, and no steps were taken by the principal to ascertain whether the policy had been delivered to the insured in accordance with its instructions, nor any effort made to demand the return of the policy or give information to the insured of its alleged lapse and invalidity before insured's death occurred. The insured necessarily rested secure in the belief that the agent's prior instructions, of which insured had no information whatever, were complied with in the delivery of the policy, and, not having had any information from the company to the contrary, before the time of his death, it is now estopped to deny that delivery was made of a valid policy or contract of insurance.

Under the rule of our decisions, the insured is allowed a reasonable time only for examination of the policy, after its delivery to him, to ascertain whether it is the policy applied for, and is held, as a matter of law, to have accepted it and become bound to pay the premium, unless he shall notify the insurer, without unreasonable delay, of his rejection of or refusal to accept such policy. *Remmel* v. *Griffin,* 81 Ark. 268, 99 S. W. 70; *Carrigan* v. *Nichols,* 148 Ark. 336, 230 S. W. 9; *People's Savings Bank* v. *Raines,* 175 Ark. 1155, 2 S. W. (2d) 20.

A note given for the premium on insurance is required by statute to state the purpose of it, and declared not negotiable until the policy for which the note was given as payment of premium shall have been issued and delivered to the maker of the note, and presented to him in the form applied for and its acceptance refused. The purpose of the statute, as held in *People's Savings Bank* v. *Raines, supra,* evidently being to prevent irresponsible insurance companies and irresponsible agents

of insurance companies from realizing on the obligations given for insurance by applicants before the delivery of the policy, and without affording them the protection applied or contracted for; and so also should the insurer be held bound by its contract of insurance, in accordance with its terms, by the delivery of its policy, upon his application to the insured through an agent, general or special, unless it shall notify the insured, within a reasonable time after he receives such policy from such agent, that it was delivered without authority and contrary to instructions to the agent, and did not become effective or a valid contract.

It is true the circumstances indicate that the agent was not greatly experienced in soliciting applications for insurance, the policy being dated upon the day of the date of his agency contract, but there is no indication whatever that the insured had any intimation that the agent had not complied with his instructions, if such was the fact, in the delivery of the policy to him. Under the circumstances we hold that the agent had authority to make settlement of the premium with the insured, and, having done so by the acceptance of the note and delivery of the policy upon its execution, that the note amounted to a settlement of the premium within the terms of the instructions, and that the policy so delivered was not invalid because cash was not collected instead of the note taken in settlement of the premium.

No complaint is made of the instructions. The majority of the court holds that the record is free from error, and that the judgment must be affirmed, in which holding the writer does not concur. It is so ordered.